1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| M&I Marshall & Ilsley Bank,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Gregory G. McGill and Jane Doe McGill,<br><br>　　　　Defendants.<br>────────────────────────<br>Gregory G. McGill and Jane Doe McGill,<br><br>　　　　Counterclaimants,<br><br>　　v.<br><br>M&I Marshall & Ilsley Bank,<br><br>　　　　Counterdefendants. | No. 10-CV-1436-PHX-ECV<br><br>**ORDER** |

In an order dated June 16, 2011, Magistrate Judge Voss denied Defendants' "Objection Re: (1) Lack of Consent to Magistrate Appointment after Magistrate Recusal, and (2) Judicial Cover Up Impairing a Fair Trial and Civil Rights." (Doc. 174.) The order also referred the matter to a District Court Judge, and this Court was randomly assigned to consider the following issues:

　　Defendants' allegations of bias against Magistrate Judge Voss as set forth in Defendants' Motion for Magistrate Recusal and Assignment to a District Court Judge in Phoenix (Doc. 143) and in their Objection Re: (1) Lack of Consent to Magistrate Appointment after Magistrate Recusal, and (2) Judicial Cover Up


Impairing a Fair Trial and Civil Rights (Doc. 169); and whether Defendants' allegations show "extraordinary circumstances" under 28 U.S.C. § 636(c)(4) and Fed. R. Civ. P. 73(b)(3) such that the parties' consent to magistrate judge jurisdiction should be vacated.

(*Id.* at 3.)

As set forth below, the Court agrees with the Magistrate Judge's resolution of these issues.

**1.   Judicial bias**

Magistrate Judge Voss referred the matter to this Court pursuant to 28 U.S.C. §144. Under §144 and 28 U.S.C. § 455, recusal is required if a judge's "impartiality might reasonably be questioned." Because issues regarding a judge's impartiality must generally arise from "extrajudicial" factors, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 554 (1994). Similarly, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555. Defendants' allegations of bias are based on the Magistrate Judge's rulings and cite no extra-judicial factors. (*See* Doc. 143.) The allegations are also conclusory and offer no support for a finding of bias or partiality under § 455 and *Liteky*.

**2.   "Extraordinary circumstances" under 28 U.S.C. § 636(c)(4) and Rule 73(b)(3)**

Once a civil case is referred to a magistrate judge under § 636(c), the reference can be withdrawn by the court only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." 28 U.S.C. § 636(c)(4). "There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." *Dixon v. Ylst,* 990 F.2d 478, 480 (9th Cir. 1993).

This case was originally assigned to a District Court Judge, John W. Sedwick. In November 2010, the parties consented "to have a United States magistrate judge conduct all

proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings." (Doc. 30.) Magistrate Judge Aspey was randomly assigned to the case but recused himself on April 11, 2011. The case was assigned to Magistrate Judge Voss. Defendants contended that they did not agree to have a magistrate judge replace Judge Aspey. They moved that Magistrate Judge Voss recuse himself and reassign the matter to a District Court Judge. Magistrate Judge Voss ruled that "Defendants' consent to magistrate judge jurisdiction was not limited to Judge Aspey" and that "Defendants' contention that reassignment is required based on a lack of consent is without merit." (Doc. 150 at 1–2.)

The Court agrees. Defendants offer no authority for the proposition that their consent needed to be renewed when the matter was assigned to a second magistrate judge. Defendants never withdrew their consent, and may do so now only upon a showing of extraordinary circumstances, a showing they have failed to make.

Pertinent factors in considering a request to withdraw consent are the timeliness of the request, whether granting the request would unduly interfere with or delay the proceedings, particularly relative to the burdens and costs to the litigants, and whether the party's consent was voluntary and uncoerced. *United States v. Neville*, 985 F.2d 992, 1000 (9th Cir. 1993). In *Carter v. Sea Land Services, Inc.*, 816 F.2d 1018, 1021 (5th Cir. 1987), the Fifth Circuit noted an additional factor in assessing a motion to withdraw consent: "whether the motion is made in good faith or is dilatory and contrived."

Dissatisfaction with the magistrate judge's rulings does not constitute an extraordinary circumstance. There is no suggestion that Defendants' consent to have the matter heard by a magistrate judge was involuntary or coerced. Having considered the remaining factors, including whether the motion is made in good faith, this Court agrees with the ruling in *Neville*, which explained that there is:

> nothing in the statute or the legislative history that requires continuing expressions of consent before a magistrate can exercise authority under a valid reference. Nor will we accept the slippery-slope invitation to read into the statute a rule that would allow a party to express conditional consent to a

- 3 -

reference, thereby obtaining what amounts to a free shot at a favorable outcome or a veto of an unfavorable outcome. Any such rule would allow the party to hold the power of consent over the magistrate like a sword of Damocles, ready to strike the reference should the magistrate issue a ruling not quite to the party's liking. We will not countenance such fast and loose toying with the judicial system.

*Neville*, 985 F.2d at 999–1000 (9th Cir. 1993) (quoting *Carter* 816 F.2d at 1020).

Accordingly,

**IT IS ORDERED** finding that Defendants' allegations of bias against Magistrate Judge Voss (Docs. 143, 169) are without merit.

**IT IS FURTHER ORDERED** finding that Defendants have not shown extraordinary circumstances permitting withdrawal of their consent to have the matter heard by a magistrate judge.

DATED this 21st day of June, 2011.

Paul G. Rosenblatt
United States District Judge

- 4 -