**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| M&I Marshall & Ilsley Bank, | No. 10-CV-1436-PHX-ECV |
| Plaintiff, | |
| v. | **ORDER** |
| Gregory G. McGill and Jane Doe McGill, | |
| Defendants. | |
| | |
| Gregory G. McGill and Jane Doe McGill, | |
| Counterclaimants, | |
| v. | |
| M&I Marshall & Ilsley Bank, | |
| Counterdefendants. | |

Before the Court is Defendants' Motion to Vacate Referral to Magistrate for District Court Ruling on Constitutional Issue of Lack of Consent. (Doc. 183.) In an order dated June 21, 2011, the Court found that Defendants' allegations of bias against Magistrate Judge Voss were without merit and that Defendants had not shown extraordinary circumstances permitting withdrawal of their consent to have the case heard by a magistrate.[1] (Doc. 180.)

---

[1] Magistrate Judge Voss referred the matter to this Court for consideration of these issues. (Doc. 174.)

The pending motion, in which Defendants ask this Court to vacate the referral to a magistrate judge and order the case randomly assigned to a district court judge, is in essence a motion for reconsideration. Motions for reconsideration are disfavored and appropriate only if the court is "presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). None of these factors is present here.

In support of their motion, Defendants first cite a "new development" in the case, namely, their filing of a complaint of judicial misconduct against Magistrate Judge Voss in the Ninth Circuit. (Doc. 183 at 1; *see id.*, Ex 1.) Defendants do not explain what bearing this development has on the Court's analysis of the issues in its prior order, and the Court rejects it as a basis for reconsidering its ruling. *See In re Mann*, 229 F.3d 657, 658–59 (7th Cir. 2000) (explaining that if a judicial complaint alone were sufficient to disqualify a judge litigants "could easily manipulate the system by filing a misconduct complaint").

The Court also rejects Defendants' claim that it committed legal errors in its interpretation of 28 U.S.C. § 636(c).[2] As outlined in the prior order, the parties signed a notice and consent form and the case was referred "to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73." (Doc. 30.) Magistrate Judge Aspey was randomly assigned to the case but recused himself on April 11, 2011, upon which the case was randomly assigned to Magistrate Judge Voss. (Doc. 102.) On June 2, 2011, Defendants moved that Magistrate Judge Voss recuse himself and that the matter be assigned to a district court

---

[2] Defendants assert that the Court's purported errors reflect the fact that it did not receive or review their "Limited Objection," filed June 17, 2001. Defendants are incorrect. The Court reviewed the filing, which is docketed as Doc. 175.

- 2 -

judge. (Doc. 143.) Magistrate Judge Voss denied the motion, ruling that "Defendants' consent to magistrate judge jurisdiction was not limited to Judge Aspey" and that "Defendants' contention that reassignment is required based on a lack of consent is without merit." (Doc. 150 at 1–2; *see* Doc. 174.) This Court agreed with Magistrate Judge Voss' conclusions. (Doc. 180.)

Defendants contend that under 28 U.S.C.§ 636(c), their express consent was required when the matter was assigned to Magistrate Judge Voss following Magistrate Judge Aspey's recusal. In support of this argument, they cite § 636(c)(2), which provides, in relevant part:

> If a magistrate judge is designated to exercise civil jurisdiction under paragraph (1) of this subsection, the clerk of court shall, at the time the action is filed, notify the parties of the availability of a magistrate judge to exercise such jurisdiction. The decision of the parties shall be communicated to the clerk of court. Thereafter, either the district court judge or the magistrate judge may again advise the parties of the availability of the magistrate judge, but in so doing, shall also advise the parties that they are free to withhold consent without adverse substantive consequences. Rules of court for the reference of civil matters to magistrate judges shall include procedures to protect the voluntariness of the parties' consent.

According to Defendants, this provision, which "contemplates subsequent magistrate appointments," required Defendants to be advised that their consent was necessary for the matter to be assigned to another magistrate judge. (Doc. 183 at 4.) This reading of the statute is untenable on its face and finds no support in the case law.

Defendants voluntarily and expressly elected to have the matter heard by a magistrate judge. This was sufficient to satisfy § 636(c)(2). The statute cannot reasonably be read as requiring judges to continually monitor the voluntariness of the parties' consent after it has been provided.[3] "[P]rocedures to protect the voluntariness of the parties' consent" refers to

---

[3] Rule 73(b)(2) helps clarify these points: "A district judge, magistrate judge, or other court official may remind the parties of the magistrate judge's availability, but must also advise them that they are free to withhold consent without adverse substantive consequences." Fed. R. Civ. P. 73(b)(2). This passage self-evidently refers to a party's initial consent to have the matter referred to a magistrate judge, not the party's subsequent desire to withdraw its consent or remove a particular magistrate judge.

- 3 -

the initial consent given by the parties to try the matter before a magistrate. It does not contemplate giving a party veto power over the selection of a magistrate judge. There is no requirement for "continuing expressions of consent before a magistrate can exercise authority under a valid reference." *Carter v. Sea Land Services, Inc.*, 816 F.2d 1018, 1020 (5th Cir. 1987) (further rejecting "the slippery-slope invitation to read into the statute a rule that would allow a party to express conditional consent to a reference"). Nor does § 636(c)(2) alter the "good cause" or "extraordinary circumstances requirements" for vacating the referral, as set forth in § 636(c)(4). This provision would be meaningless under Defendants' interpretation of the statute, which allows a party to withdraw—or withhold—its consent at any point in the proceedings.

*Aldritch v. Bowen*, 130 F.3d 1364 (9th Cir. 1997), *Nasca v. Peoplesoft*, 160 F.3d 57879 (9th Cir. 1998), and *Alaniz v. California Processors, Inc.*, 690 F.2d 717 (9th Cir. 1982), offer no support for Defendants' arguments. In those cases, there was no written consent to have the case heard by a magistrate; the courts held that consent must be explicit and cannot be inferred from the parties' failure to object.

Here, by contrast, Defendants consented explicitly and in writing to have the matter referred to a magistrate. While they now wish to withdraw that consent, they have no "absolute right" to do so, *Dixon v. Ylst,* 990 F.2d 478, 480 (9th Cir. 1993), but instead must show "extraordinary circumstances" as provided by § 636(c)(4) and Rule 73(b)(3). As stated in the prior order, Defendants have made no such showing. *See United States v. Neville*, 985 F.2d 992, 1000 (9th Cir. 1993); *Carter v. Sea Land Services, Inc.*, 816 F.2d 1018, 1020–21 (5th Cir. 1987) (among the factors to consider is whether a motion to withdraw consent is "made in good faith or is dilatory and contrived"). Allegations of impartiality do not constitute "extraordinary circumstances" to vacate referral to a magistrate judge. *See Manion v. American Airlines, Inc.*, 251 F.Supp.2d 171 (D.D.C. 2003).

Defendants have not presented newly discovered evidence, shown that the Court

- 4 -

1 committed clear error, or offered any other basis for reconsideration of the Court's June 21
2 order.
3    Accordingly,
4    **IT IS HEREBY ORDERED denying** Defendants' Motion to Vacate Referral to
5 Magistrate for District Court Ruling on Constitutional Issue of Lack of Consent (Doc. 183).
6    DATED this 30th day of June, 2011.

Paul G. Rosenblatt
United States District Judge

- 5 -